IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,517-01 & -02






EX PARTE DENNIS RAY ETHEL, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 15014B & 15016B IN THE 12TH DISTRICT COURT


FROM GRIMES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated robbery and sentenced to two terms of ninety-two years' imprisonment. The
Fourteenth Court of Appeals affirmed his convictions. Ethel v. State, Nos. 14-04-00093-CR & 14-04-00094-CR (Tex. App.-Houston [14th Dist.], Aug. 16, 2005, no pet.). 

 On February 7, 2007, we remanded these applications and directed the trial court to enter
findings of fact and conclusions of law on whether trial counsel rendered ineffective assistance. On
November 20, 2008, Applicant filed motions with this Court requesting an indefinite extension of
time until we decide whether he has a right to supplement and amend his applications on remand. 

 Nothing in Article 11.07 of the Code of Criminal Procedure precludes Applicant from
amending and supplementing his applications on remand. Section 4 of Article 11.07 is triggered only
"after final disposition of an initial application challenging the same conviction . . . ." Tex. Code
Crim. Proc. art. 11.07, § 4(a). There has not been a "final disposition" of Applicant's applications. 
Should Applicant decide to amend and supplement his applications on remand, the trial court does
not have a ministerial duty to make findings of fact and conclusions of law on Applicant's new
grounds or facts. "[I]t shall be the duty of the convicting court to decide whether there are
controverted, previously unresolved facts material to the legality of the applicant's confinement."
Tex. Code Crim. Proc. art. 11.07, § 3(c). Applicant's motions are denied.

Filed: December 10, 2008

Do not publish